### MILLER v. MONARCH PRINTING CO. et al.

### INTERNATIONAL BLANK BOOK CO. et al. v. MILLER.

(Circuit Court of Appeals, Eighth Circuit.   November 8, 1922.)

Nos. 5658, 5724.

1. Patents ⬅328—1,056,926, claims 1 and 4, and 1,019,174, claim 1, for loose-leaf binding devices, held anticipated.

The Miller patent, No. 1,056,926, claims 1 and 4, and Miller patent, No. 1,019,174, claim 1, for binding devices for loose-leaf blank books, *held* anticipated and invalid.

2. Patents ⬅22—Claim anticipated by mechanical equivalent.

A claim for a post for loose-leaf blank books was void, where another had previously invented and reduced to use a post which was its mechanical equivalent.

3. Patents ⬅124—General claim void, where device previously used effectively for same purpose.

A broad general claim to all devices for forcing flexing of the post of loose-leaf blank books is invalid, where another had previously used a device very effectively for the same purpose, though differing from the

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

one actually used by the patentee, though the patentee may be entitled to a patent for the particular device used by him.

4. Patents ⬦328—1,033,356, for post for loose-leaf book, valid, but not infringed.
The Thomas patent, No. 1,033,356, for a post for loose-leaf blank books, *held* not anticipated or abandoned, but not infringed.

5. Patents ⬦66—Post having two characteristics not anticipated by devices not having both.
A patent for a post for loose-leaf blank books having the two cardinal characteristics of resiliency and confinement to one plane was not anticipated by rigid posts, or by a spiral spring post affording resiliency, but not confined to one plane.

6. Patents ⬦234—That device suggested by patented device does not establish infringement.
That the construction of a device may have been suggested by a patented construction, to the extent that no invention would be involved, does not necessarily show that the later construction is an infringement.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by Henry C. Miller against the Monarch Printing Company and the International Blank Book Company. From a judgment against plaintiff on the main case, and against defendant Blank Book Company on its counterclaim, plaintiff appeals, and defendants bring a cross-appeal. Modified and affirmed.

Arthur L. Morsell, of Milwaukee, Wis., for appellant and cross-appellee.

Fair & Freeman, of Des Moines, Iowa, for appellees and cross-appellants.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. These are cross-appeals in a patent infringement suit. The complaint was by Henry C. Miller against the Monarch Printing Company for infringement and against the International Blank Book Company for contributory infringement of Miller No. 1,056,926 (improvements in loose-leaf binders) and Miller No. 1,019,174 (flexible binder posts) covering binding devices for loose-leaf blank books. Both defendants pleaded prior invention, citing Thomas No. 1,033,356 and Thomas No. 1,164,031; and the International also claimed infringement of the Thomas patents. Complainant pleaded anticipation as to the counterclaim, citing 15 designated patents. The claims involved at the trial were claims 1 and 4 of Miller No. 1,056,926, claim 1 of Miller No. 1,019,174, and the single claim of Thomas No. 1,033,356. The court held claims 1 and 4 of Miller No. 1,056,926 valid but not infringed; claim 1 of Miller No. 1,019,174 void because of prior invention, by Thomas, and Thomas No. 1,033,-356 void because of uncertainty.

The subject-matter of the patents in suit involve, in general, improvements in loose-leaf blank books used now so largely by business houses. In particular, they involve the so-called posts, which hold the leaves in place, and certain correlated devices intended to cause the book, when open, to so lie that practically all of the page will be exposed to view

and for usage. We deem it unnecessary to describe the devices or claims in detail, as that information is easily accessible to any interested therein, and will state our conclusions.

[1, 2] The evidence is clear that Thomas invented and reduced to use a post which was the mechanical equivalent of claim 1 of Miller No. 1,019,174 some time before Miller. The court was therefore right in holding that claim void. Claim 4 of Miller No. 1,056,926 is substantially the same as claim 1 of Miller No. 1,019,174 above, except it is of this element as included in a combination. We think it should also fall, whatever may be said as to other claims covering the combination.

[3] Claim 1 of Miller No. 1,056,926 has the added feature of a means for forcing the flexing of the post. This claim is, in this respect, too general. Thomas, prior to Miller, used a device very effectively for the same purpose though it differed from the one actually used by Miller. This is proof of the invalidity and lack of right of Miller's general claim to all devices for forcing flexing of the post. He may be entitled to a patent in this respect for the particular device he uses, but not to the broad claim as allowed in the patent. We think, therefore, that the entire three claims of the two Miller patents here involved are void.

[4, 5] As to the cross-appeal involving infringement of Thomas No. 1,033,356, the substantial defenses were abandonment, anticipation and dissimilarity of Miller construction. The patents relied upon for anticipation are Suckert No. 768,159, Strang No. 852,084, Schaub and Larsen No. 921,467, Larsen No. 971,202 and Wagniere No. 986,609. None of these are anticipatory. The posts in all except the Suckert patent are rigid, thus providing no resiliency, which is one of the two cardinal characteristics of the Thomas patent. The Suckert design as shown in Fig. 5 of the patent provides for a spiral spring post covered with rubber tubing. This would of course afford abundant resiliency, but would not be confined to one plane, which is the second characteristic of the Thomas device. We think the Thomas patent is valid. Abandonment was not proven.

[6] The final question is whether the Thomas patent is infringed by the Miller construction. We think that it is not. While the Miller construction might well be suggested from the Thomas construction and patent to the extent that no invention would be involved in the Miller construction, yet that need not necessarily mean that the Miller construction is an infringement. The Thomas claim, in this respect, is very narrow and specific and, so far as infringement is concerned, must be held down to its terms. So construed it is not infringed.

Our conclusion is that the claims of the Miller patents involved are void and that the Thomas patent is valid, but not infringed. This would require affirmance of the decree with modifications as to the validity of claim 1 of Miller No. 1,056,926, which we deem invalid, and of the Thomas patent, which we deem valid, but not infringed.

Therefore the decree will be modified to the extent of holding claim 1 of Miller No. 1,056,926 invalid and Thomas No. 1,033,356 valid but not infringed, and, as thus modified, is affirmed.